## S. D. McCUTCHEON v. JOHN ANGELO.

Proof of possession as owner is sufficient to maintain an action of damages for injury done to a slave.
The authority given by law for the use of fire-arms by freeholders, in the arrest of slaves under certain circumstances, is not to be extended beyond the express terms of the statute.

APPEAL from the District Court of the Parish of Plaquemines, *Foulhouze, J. J. M. Davidson*, for plaintiff. *Collens & Wooldridge* and *J. McConnell*, for defendant and appellant.

MERRICK, C. J. The plaintiff is the owner of a negro slave, whose eyesight was utterly destroyed by shot fired from a gun by the defendant.

McCUTCHEON
v.
ANGELO.

It seems that some one having heard a noise in *Angelo's* yard, informed him of the fact; whereupon he took his gun, went upon the gallery, and seeing some one going from his chicken-house, he called three times to the person to stop, which not being done, he fired; he then went out to catch and tie the man, but was prevented by the witness and two others, and by the running away of the person at whom he shot.

The person shot proved to be the slave of plaintiff, who lived a short distance from the defendant, on the opposite bank of the Mississippi River.

The action is brought to recover damages for the injury to the slave, which deprives the owner of his services, and entails upon him the charge of taking care of a negro who has thus become helpless and a constant burden upon the owner.

The defence to the action pleaded in the answer, is a general denial and a claim in reconvention of $1500 for the libel contained in plaintiff's petition, and the damage occasioned by the action.

Judgment was rendered in favor of plaintiff for $1500, and the defendant takes a devolutive appeal.

I. The first ground of defence assumed in this court is, that there is no written evidence of title adduced by the plaintiff. We are of the opinion, that the proof of plaintiff's possession as owner was sufficient to enable him to recover. Wrong-doers and tresspassers, without color or title, cannot compel parties in possession, as owners, to exhibit their titles.

II. We see no objection to the testimony of *Dr. Eagan* as to the value of the negro. He states that he *believes* the negro to have been worth $1800. Witnesses commonly testify to value in this manner, and if the negro did not possess the usual qualities of slaves of his age or appearance, defendant could have shown it by a cross-examination or other proof.

III. It is further contended, that the law authorized the course pursued by defendant, 1st, because the negro was committing a felony, and 2dly, because he did not stop when commanded. The facts do not sustain the first of these positions. As it regards the other, it is true that it is provided by law that " if any slave shall be found absent from his usual place of working or residence, without some white person accompanying him, and shall refuse to submit himself to examination, any freeholder shall be permitted to seize and correct him; and if he should resist or attempt to escape, the freeholder is authorized to make use of arms, but to avoid killing the slave; but should the slave assault and strike him, he is authorized to kill him." Bullard & Curry's Digest, pp. 53, 54, and Rev. Stat., p. 59, sec. 71. But the defendant has not relied on this statute, as a justification, in his answer, and the proof does not enable us to say that he was a freeholder, or had any right to use fire-arms in order to compel the negro to submit to an examination, if such were his object.

On this branch of the case, we adopt with approbation what was said in the case of *Blanchard* v. *Dixon*, 4 An., 58. Mr. Justice King, as the organ of the court, says :

" The provisions of the sections under consideration are departures from the general law, and must be strictly construed. In the absence of this express legislation, no citizen could legally assume to interfere with the property of his neighbor in the manner authorized by the statutes. The extraordinary powers it confers in relation to slaves, has been confided to a certain specified class of citizens, *to whose prudence and discretion* the Legislature supposed they could be safely intrusted. *Freeholders* alone are authorized by the law invoked, to seize

McCUTCHEON
*v.*
ANGELO

and correct slaves who are found absent from their homes, without a written permission and unaccompanied by a white person, and to use arms in the event of resistance or of an attempt to escape. The authority cannot be extended beyond the express terms of the statute."

" The defendant could only have availed himself of the protection of the statute on which he relies, by bringing himself within its provisions, and showing himself to be a freeholder. This he has neither alleged nor proved ; and under the evidence, we think he is answerable for damages which the plaintiff has sustained."

The case of *Dupérier* v. *Dautrive*, 12 An. 664, relied on by defendant, is not in point. The parties who attempted to arrest the slave in that case, composed the patrol, and were in discharge of a duty imposed by law.

The case of *Bibb* v. *Hebert*, 3 An. 132, was that of one slave killing another, and of course, the statute under consideration could not apply.

It is ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed with costs.